**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**FREDDIE HARVELL**                                                                                      **PLAINTIFF**

vs.                                                  **2:10-CV-00123-BRW**

**RONNIE WHITE, Individually and in His
Official Capacity as Sheriff of Phillips
County, Arkansas,** *et al.*                                                                          **DEFENDANTS**

**ORDER**

Pending is a Motion For Summary Judgment (Doc. No. 21) by Defendants Phillips County, Arkansas and Ronnie White, individually and in his official capacity as Sheriff of Phillips County ("Defendants"). *Pro se* Plaintiff Freddie Harvell ("Harvell") has responded,[1] and Defendants have replied.[2] For the reasons set out below, Defendants' Motion is GRANTED.

**I.     BACKGROUND**

Harvell, a Louisiana resident, alleges that after dark on August 28, 2009, he was driving from Marianna, Arkansas, toward Helena, Arkansas, when another car tried to run him off the road.[3] Harvell stopped at a gas station, Barton Stop and Shop, where apparently the other car also stopped, and the individuals in the other car approached him. Harvell alleges that deputy sheriffs of Phillips County then approached him for no reason, told him they would have him locked up,

---

[1] Doc. No. 30.

[2] Doc. No. 31.

[3] Doc. No. 1. Harvell filed an Amended Complaint (Doc. No. 20) adding Brian Holloway as a defendant in his individual and official capacity. The Amended Complaint added no new factual allegations or causes of action.

1

and shouted racial slurs.[4] Harvell was taken to jail in Helena, where he remained from August 28, 2009 until September 14, 2009. Harvell claims he was never told why he was arrested.[5]

Harvell asserts that there was no probable cause for his arrest.[6] He also maintains that he was not read his *Miranda* rights before he was arrested and jailed, and that he was never charged with an offense.[7] Harvell alleges that he asked to talk to a lawyer while he was in custody, but was told by jail personnel that he had no right to speak to an attorney.[8] Upon his release, Harvell "was forced" to pay $320.00 in court costs, and $275.00 to recover his vehicle, which had been towed.[9] Harvell maintains that he did not commit an offense, and that Defendants' actions violated his constitutional rights. Specifically, Harvell alleges he was deprived of: his liberty; due process of law; and the right to unrestricted travel. Harvell brings his claims under 42 U.S.C. § 1983.

Defendants recite a drastically different series of events, and include an arrest warrant, affidavit for warrant of arrest, and court records in support of their version.[10] According to the Affidavit for Warrant of Arrest signed by Defendant Brian Holloway, a Deputy Sheriff, Deputy Holloway and Arkansas State Police special agents were investigating the robbery of a bank that

---

[4]*Id.*

[5]Doc. Nos. 1, 30.

[6]Doc. No. 1.

[7]*Id*.

[8]*Id*. Harvell alleges that Sheriff White told Harvell that this "is his jail and he would run it as he saw fit." Doc. No. 1, ¶ 11.

[9]Doc. No. 1.

[10]Doc. No. 22.

2

is located beside Barton Stop and Shop.[11] The Phillips County Sheriff's Office received a call from Mathew Slane ("Slane") that a man was threatening to kill him. Slane and the man were in an altercation at Barton Stop and Shop.[12] When Deputy Holloway arrived at the scene, Slane told him that the suspect (Harvell) was leaving the scene driving a green SUV.[13] Sheriff White and several Arkansas State Troopers stopped Harvell's SUV, and Harvell yelled racial slurs at the officers.[14] Deputy Holloway calmed Harvell down, after which Harvell said he threatened to shoot Slane because Slane was driving too close behind him.[15] The Affidavit continues that Harvell was then arrested and moved to the Phillips County Detention Center, but does not identify who made the arrest. The Warrant of Arrest found reasonable grounds for believing that Harvell committed the offense of terroristic threatening in the second degree in violation of Arkansas Code Annotated § 5-13-301.[16] The information in the Arkansas Arrest/Disposition Report[17] and in the Phillips County Sheriff's Office Incident Report[18] is consistent with that in the Affidavit for Warrant of Arrest.

The Phillips County Jail Booking Information Sheet shows the charges against Harvell as

---

[11] Doc. No. 22, Ex. A.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] Doc. No. 22, Ex. B.

[18] Doc. No. 22, Ex. C.

terroristic threatening and disorderly conduct.[19] The Court Session Worksheet[20] shows that at Harvell's September 11, 2009 arraignment, Harvell was advised of his right to an attorney and signed a waiver of that right.[21] Harvell pled guilty to the charge of terroristic threatening,[22] paid $320 in costs and fees, and was released the same day.

In their Motion for Summary Judgment, Defendants contend that Harvell's official capacity claim against Sheriff White must fail because Harvell does not identify a governmental policy or custom that caused Harvell's alleged harm.[23] Defendants also contend that there was probable cause for Harvell's arrest.[24] Defendants maintain that inmates in the Helena jail may make calls whenever they wish, and that Harvell's allegations that he was not allowed to call a lawyer are unfounded. Lastly, Defendants maintain that because Sheriff White was not the arresting officer, Sheriff White cannot be held liable for Plaintiff's *Miranda* claim. Harvell disagrees.

For entirely different reasons, I conclude that Harvell's case cannot proceed.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[25] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

---

[19] Doc. No. 22, Ex. D.

[20] Helena-West Helena District Court Case No. CR-09-3650.

[21] Doc. No. 22, Ex. D.

[22] *Id.*

[23] Doc. No. 22.

[24] *Id.*

[25] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

4

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[26]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should be granted only when the movant has established a right to the judgment beyond controversy.[27] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[28] I must view the facts in the light most favorable to the party opposing the motion.[29] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing
> that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[30]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[31]

### III.  DISCUSSION

---

[26]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[27]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[28]*Id.* at 728.

[29]*Id.* at 727-28.

[30]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[31]*Anderson*, 477 U.S. at 248.

Harvell pled guilty to the charge of terroristic threatening in the case against him in Phillips County, Arkansas.[32] Here, Harvell seeks damages for allegedly unconstitutional acts leading up to his Arkansas state conviction.

> "[I]n order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, [or] declared invalid by a state tribunal authorized to make such determination . . . ."[33]

A claim for damages in connection with a conviction that has not been invalidated is not cognizable under 42 U.S.C. § 1983.[34] Harvell cannot question probable cause for his arrest here, because finding there was no probable cause would necessarily imply the invalidity of Harvell's Arkansas state-court conviction of terroristic threatening.[35] I will not consider that claim.

Because the record is silent as to alleged custodial interrogations and statements made, I am uncertain of what Harvell seeks under *Miranda*. Further, even independent of *Heck*, "a guilty plea foreclose[s] any claim that [Harvell] was arrested without probable cause."[36] So, I cannot consider that claim either.

Harvell also contended that his rights were violated by not being allowed to call a lawyer.

---

[32]Doc. No. 22, Exh. D. Helena-West Helena District Court Case No. CR-09-3650.

[33]*Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

[34]*Id*.

[35]See *Sanders v. Fayetteville City Police Dep't*, 160 Fed. Appx. 542, 543 (8th Cir. 2005) (citing *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("allegations that defendants lacked probable cause to arrest him and brought unfounded criminal charges challenge validity of conviction and are *Heck*-barred.").

[36]See *Gooden v. Lovorn*, 32 Fed. Appx. 179, 180-181 (8th Cir. 2002) (citing *Williams v. Schario*, 93 F.3d 527, 529 (8th 1996)).

Reading Harvell's Complaint liberally as required with *pro se* plaintiffs, I cannot see that the ban on telephone use was alleged as punishment for Harvell as a pretrial detainee. Rather, the Complaint implies that the alleged restriction was interference with Harvell's defense. A favorable decision on what is apparently a defense-interference claim is barred by *Heck* and will not be considered here.[37]

## CONCLUSION

Because under *Heck* and other precedent Harvell's claims fail, Defendants' Motion for Summary Judgment (Doc. No. 21) is GRANTED and this case is DISMISSED with prejudice as to Harvell's probable cause claim, and without prejudice as to Harvell's other claims.

IT IS SO ORDERED this 23rd day of August, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[37]See *Phillips v. Kiser*, 172 Fed. Appx. 128, 129 (8th Cir. 2006) (defense-interference claim was Heck-barred because a favorable decision would call into question the fairness of trial, thus undermining the validity of the conviction).